UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO. 08-61136-CIV-MARTINEZ/BROWN

PARAGON FINANCIAL
GROUP, INC., a Florida
corporation,

       Plaintiff,

vs.

FRANK BAKER, an individual,
doing business under the assumed
name of INNOVATIVE MARKETING
SYSTEMS,

       Defendant.

_____/

**STIPULATED PROTECTIVE ORDER GOVERNING**
**DISCLOSURE OF CONFIDENTIAL PROPRIETARY INFORMATION**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned counsel for the above-named parties (hereinafter "Party" or "Parties" shall mean and refer to any Party, plaintiff or defendant in this action), as follows:

**GENERAL PROVISIONS**

1.    This order shall govern the production of certain documents and other discovery materials in this case.

2.    Any party to this action, or a non-party subject to a subpoena that so elects, shall have the right to identify and designate as "Confidential" or "For Attorneys' Eyes Only" (hereinafter the "Producing Party" or the "Designating Party") documents or information that contain proprietary, trade secret or other highly sensitive Confidential Proprietary Information. ("Confidential Information"). Such information shall not be disclosed to any person or used for

any purpose, except as described below. To invoke the protections of this Order, the documents containing Confidential Information shall be marked by the Producing or Designating Party with one of the following legends:

    i)    "CONFIDENTIAL," or

    ii)    "FOR ATTORNEYS' EYES ONLY"

The Parties enter into this Stipulation to facilitate discovery in this action.

3. Neither Party shall be obliged to challenge the designation of Confidential Information, and a failure to do so in this action shall not preclude a subsequent attack on the propriety of such designation.

4. Nothing contained herein shall affect or restrict the rights of any Party with respect to use of its own Confidential Information.

### "FOR ATTORNEYS' EYES ONLY" DOCUMENTS

5. The only persons to whom any document designated as "For Attorneys' Eyes Only" may be disclosed are:

    i)    counsel of record in this litigation to whom it is necessary that Confidential Information be shown for purposes of this litigation;

    ii)    secretaries, paralegal assistants, and clerical employees of the individuals described in sub-parts 6(i) above, who are actively engaged in assisting those individuals in this litigation;

    iii)    experts (including consultants and investigators) retained or consulted by any party or counsel to any party to assist in this litigation, but only to the extent necessary to perform such work and provided such experts, consultants, or investigators have never been and are not employees of any party; and

    iv)    the Court and its support personnel.

Each person to be given access to Confidential Information pursuant to paragraph 6(iii) of this Order shall first agree to read this Order and shall agree in writing in the form annexed hereto as Exhibit A to be bound by its terms. Attorneys for the parties shall maintain a file of all such executed agreements, and throughout the pendency of this litigation, such attorney's file of executed agreements shall not be available to adverse parties or their attorneys except upon a showing of necessity made upon suitable application to the Court.

6. In the event that counsel objects to the designation of any document designated as "For Attorneys' Eyes Only" under paragraph 2 above, that counsel shall notify the Producing Party, and thereafter counsel shall meet and confer (by telephone or otherwise) to attempt to resolve the dispute. Any such resolution shall be set forth in writing and signed by both parties to the dispute. In the event the dispute is unresolved, the party seeking to maintain the confidentiality of the subject information shall, within fifteen (15) business days of written notice by the objecting party that efforts to resolve the dispute have failed, present the dispute to the Court in camera, and such party shall have the burden of producing evidence or grounds to establish that the "For Attorneys' Eyes Only" designation on the subject information should be continued. The information shall remain protected until a definitive ruling by the Court. If the Court rules, in an order that is not subject to further review, challenge or appeal prior to a judgment on the merits issued by the Court in this case, that the subject information is not entitled to the confidential treatment afforded under paragraph 6 above, the document shall be deemed "Confidential" and shall be entitled to the confidential treatment afforded under paragraphs 8-13 below.

*Paragon Financial Group, Inc. v. Frank Baker*
Case No. 08-61136-CIV-MARTINEZ/BROWN
Stipulated Protective Order Governing Disclosure
of Confidential Proprietary Information
Page 5

## "CONFIDENTIAL" DOCUMENTS

7. The only persons to whom any document designated as "Confidential" may be disclosed are:

   i) counsel of record in this litigation to whom it is necessary that Confidential Information be shown for purposes of this litigation;

   ii) the parties and their authorized corporate representatives;

   iii) experts (including consultants and investigators) retained or consulted by any party or counsel to any party to assist in this litigation, but only to the extent necessary to perform such work and provided such experts, consultants, or investigators have never been and are not employees of any party;

   iv) witnesses in the course of an interview, deposition or trial in the reasonable and good faith belief of counsel that examination with respect to the document is necessary for legitimate discovery or trial purposes, and any person who is prepared to testify in the reasonable and good faith belief of counsel that such person will be a witness in this action and that his or her examination with respect to the document is necessary in connection with such testimony;

   v) secretaries, paralegal assistants, and clerical employees of the individuals described in sub-parts 8(i) and 8(ii) above, who are actively engaged in assisting those individuals in this litigation; and

   vi) the Court and its support personnel.

Each person to be given access to Confidential Information pursuant to paragraphs 8(ii), (iii) and (iv) of this Order shall first agree to read this Order and shall agree in writing in the form annexed hereto as **Exhibit A** to be bound by its terms. Attorneys for the parties shall maintain a file of all such executed agreements, and throughout the pendency of this litigation, such attorneys' file of executed agreements shall not be available to adverse parties or their attorneys except upon a showing of necessity made upon suitable application to the Court.

the "Confidential" designation on the subject information should be continued. The information shall remain protected until a definitive ruling by the Court. If the Court rules, in an order that is not subject to further review, challenge or appeal prior to a judgment on the merits issued by the Court in this case, that the subject information is not entitled to confidential treatment, all parties shall be relieved of all obligations otherwise imposed by this order with respect to that information.

12. All counsel shall confer among themselves concerning measures which should be taken during pretrial and trial of this cause to satisfy the requirement of confidentiality consistent with the right of all Parties to present all evidence necessary for a proper resolution of this cause. Otherwise, nothing contained herein shall preclude any Party from offering into evidence at trial any document, testimony or material designated as "Confidential" and, unless the Court shall otherwise order, such document, testimony or material that is otherwise admissible shall be admitted into evidence and become a part of the public record in this action.

## TERMINATION

13. No part of the restrictions imposed by this stipulation and order may be terminated, except by written stipulation executed by counsel for each Party, or by an order of this Court for good cause shown. The production or disclosure of information during discovery in this action shall not be deemed to be a waiver of a party's claim of confidentiality.

14. After the termination of this proceeding, this Order will continue to be binding upon the Parties hereto, and upon all persons to whom Confidential Information has been disclosed or communicated, and this Court shall retain jurisdiction over such Parties and persons for enforcement of its provisions.

*Paragon Financial Group, Inc. v. Frank Baker*<br>
Case No. 08-61136-CIV-MARTINEZ/BROWN<br>
Stipulated Protective Order Governing Disclosure<br>
of Confidential Proprietary Information<br>
Page 6

8. If questioning at a deposition concerns any document or material designated as "Confidential" in accordance with paragraph 2 hereof, only those persons authorized to see that Confidential Information may be present in the deposition room during the questioning concerning said document. Each party shall have seven (7) days after receipt of a deposition transcript to designate as "Confidential" the transcript or any portion thereof. Deposition testimony may be designated as confidential, subject to the other provisions herein, by any party stating on the record that such testimony is confidential. Upon such designation, the originals of said deposition transcripts and all copies thereto shall bear the legend "Confidential" and the original shall at the time of filing with the Court be sealed, identified as being "Confidential" and subject to this agreed Protective Order, and not opened except by the Court, by Court order or by agreement of all parties.

9. All transcripts of depositions, exhibits, answers to interrogatories and other documents and materials, or portions thereof, including briefs, filed with the Court pursuant to or deriving from the pretrial discovery of either Party comprising or containing Confidential Information, or information taken therefrom, shall be filed in sealed envelopes or otherwise appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and the following or its equivalent:

**"CONFIDENTIAL,"**

and a statement substantially in the following form:

> "THIS ENVELOPE CONTAINS DOCUMENTS WHICH ARE FILED IN THIS CASE BY [NAME OF PARTY]. PURSUANT TO A PRETRIAL DISCOVERY ORDER HEREIN, THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY THE AUTHORITY OF THE COURT."

10. Any document designated as "Confidential" shall not be reproduced, except when reproduction is necessary in this litigation for the preparation of trial and/or for trial itself. "Confidential" documents, and any copies, excerpts or summaries thereof, shall be used only for the prosecution and/or defense of this action, or any appeal therefrom, and shall not be used for any other purposes, including use in connection with any business, governmental, commercial or administrative judicial proceeding, without further order of this Court or as stipulated by the Parties or as otherwise required by law; and no copies of the "Confidential" documents shall be made except by or on behalf of outside counsel of record for the Parties.

11. In the event that counsel objects to the designation of any document designated as "Confidential" under paragraph 2 or 7, above, that counsel shall notify the Producing Party, and thereafter counsel shall meet and confer (by telephone or otherwise) to attempt to resolve the dispute. Any such resolution shall be set forth in writing and signed by both parties to the dispute. In the event the dispute is unresolved, the party seeking to maintain the confidentiality of the subject information shall, within fifteen (15) business days of written notice by the objecting party that efforts to resolve the dispute have failed, present the dispute to the Court in camera, and such party shall have the burden of producing evidence or grounds to establish that

*Paragon Financial Group, Inc. v. Frank Baker*
Case No. 08-61136-CIV-MARTINEZ/BROWN
Stipulated Protective Order Governing Disclosure
of Confidential Proprietary Information
Page 9

15. Within forty (40) days of the conclusion of this litigation, including the exhaustion of all appeals, all documents designated as "For Attorneys' Eyes Only" or "Confidential" and all copies thereof (including without limitation, copies provided to Parties or their experts) shall be returned to the Producing or Designating party or, in the alternative, at the option of the Receiving Party, destroyed and certified to the Producing and/or Designating Party's counsel to have been destroyed. However, counsel for each Party shall be entitled to keep their work-product and one copy of any document related to this litigation in storage.

16. Nothing in the foregoing provisions of this protective order shall be deemed to preclude, in any way, any Party from seeking and obtaining, on an appropriate showing, such additional protection or other relief with respect to the confidentiality of documents or other discovery material as that Party may deem appropriate. In addition to any other legal and/or equitable remedy that may be available to the parties hereto, the rights and obligations contained herein may be enforced by injunction.

DONE AND ORDERED in Chambers in the Southern District of Florida this 29th day of Jan., 2009.

_____
STEPHEN BROWN
Magistrate Judge

*Paragon Financial Group, Inc. v. Frank Baker*
Case No. 08-61136-CIV-MARTINEZ/BROWN
Stipulated Protective Order Governing Disclosure
of Confidential Proprietary Information
Page 10

## EXHIBIT A

I, _____, have read the Stipulation and Protective Order Governing Disclosure of Confidential Information entered by the Court in connection with the lawsuit styled, FACTEON, INC., a Georgia corporation, vs. B&G UNDERGROUND, INC., et al Case No. 08-60886-CIV-GOLD/McALILEY,, and I agree to be bound by its terms and subject to the jurisdiction of the United States District Court, Southern District of Florida with respect to enforcement of the Stipulation and Protective Order.

Signature: _____
Name: _____
Address: _____
City, State, Zip: _____
Phone Number: _____
DATED: _____